**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Frank J. Mazzaferro
Nicholas P. Melito
475 Park Avenue South, 12th Floor
New York, NY 10016
Telephone: (212) 300-0375



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ASHLEY HANKINS, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**DINOSAUR RESTAURANTS, LLC, JLN – STORE, INC. f/k/a DINO-STORE INC., SOROS STRATEGIC PARTNERS LP, and JOHN STAGE,**<br><br>**Defendants.** | <br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Ashley Hankins ("Hankins" or "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover minimum wages, overtime compensation, spread-of-hours pay, misappropriated tips, and other wages for Plaintiff and her similarly situated co-workers – servers, bussers, runners, bartenders, and other "Tipped Workers" – who work or have worked at Dinosaur Bar-B-Que ("Harlem BBQ") – located at 700 West 125th Street, New York, New York 10027; Dinosaur Bar-B-Que ("Brooklyn BBQ") – located at 604 Union Street, Brooklyn, New York 11215; Dinosaur Bar-B-Que ("Syracuse BBQ") – located at 246 W. Willow Street, Syracuse, New York 13202; Dinosaur Bar-B-Que ("Buffalo BBQ") – located at

301 Franklin Street, Buffalo, New York 14202; Dinosaur Bar-B-Que ("Rochester BBQ") – located 99 Court Street, Rochester, New York 14604; and Dinosaur Bar-B-Que ("Troy BBQ") – located at 377 River Street, Troy, New York 12180 (collectively, the "Dinosaur BBQ Restaurants").

2.      Owned and/or operated by Dinosaur Restaurants, LLC, JLN – Store, Inc. f/k/a Dino-Store Inc., Soros Strategic Partners LP, and John Stage (collectively "Defendants"), Dinosaur BBQ is nationally acclaimed and has been profiled and reviewed in numerous print and online publications, including Men's Health, Eating Well, and New York Magazine.

3.      Defendants have been part of a single integrated enterprise that has jointly employed Tipped Workers at the Dinosaur BBQ Restaurants.  The Dinosaur BBQ Restaurants are part of a restaurant group that has grown to approximately 10 locations over the past 27 years.  This enterprise is centrally controlled by the co-founder John Stage ("Stage"), who owns, manages and oversees operations at the Dinosaur BBQ Restaurants.

4.      The Dinosaur BBQ Restaurants are linked together through a centralized website, http://www.dinosaurbarbque.com, which provides links to all of the Dinosaur BBQ Restaurants. The website also allows users to access menus and book reservations at any of the restaurants in the group.  Finally, through the centralized website, potential employees can apply for a job at any location of the Dinosaur BBQ Restaurants through the company's "JOB OPPORTUNITIES" link.

5.      The website is registered to "LARRY LUCKWALDT" and the "Registrant Organization" is "DINO-STORE INC."  Larry and Nancy Luckwaldt founded the Dinosaur BBQ Restaurants with Stage.  However, both Larry and Nancy retired and sold their shares of the restaurant to Soros Strategic Partners LP ("SSP").

6.      In addition to having a centralized website, the Dinosaur BBQ Restaurants also share a Facebook, Twitter, and Instagram account.

7.      The Dinosaur BBQ Restaurants also use the same employee manuals, and company letterhead.  For instance, the "Dinosaur Bar-B-Que Employment Guidelines" that was distributed to Plaintiff does not distinguish between locations and covers topics including, but not limited to, the "Team Member Hotline," restaurant policies, and employee benefits.

8.      Tipped Workers at the Dinosaur BBQ Restaurants perform the same basic job duties, are subject to the same employment policies, practices and procedures, and are directed and/or permitted by Defendants to perform work at all locations without retraining.

9.      At all times relevant, the Dinosaur BBQ Restaurants have paid Plaintiff at a "tipped" minimum wage rate – less than the full minimum wage rate for non-tipped workers.

10.      The Dinosaur BBQ Restaurants, however, have not satisfied the strict requirements under the FLSA or the NYLL that would allow them to pay this reduced minimum wage (take a "tip credit").

11.      Specifically, Defendants maintain a policy and practice whereby Tipped Workers are required to spend a substantial amount of time performing non-tip producing side work including, but not limited to, general cleaning of the restaurant, cutting produce, refilling condiments, and stocking and replenishing the bar and service areas.

12.      The Dinosaur BBQ Restaurants require Tipped Workers to perform side work at the start and end of every shift.

13.      Tipped Workers are typically scheduled to work lunch or dinner shift at the Dinosaur BBQ Restaurants.

14.     Regardless of the type of shift, Defendants require Tipped Workers to perform side work at the start and end of each shift.

15.     During these periods, the Dinosaur BBQ Restaurants required Tipped Workers to perform side work.

16.     As a result, Tipped Workers spend in excess of two hours and more than twenty percent of their work time engaged in side work duties.

17.     The Dinosaur BBQ Restaurants pay Tipped Workers for this work at or below the reduced tip credit minimum wage rate.

18.     The duties that Defendants require Tipped Workers to perform are duties that are customarily assigned to "back-of-the-house" employees in other restaurants, who typically receive at least the full minimum wage rate.

19.     The side work that The Dinosaur BBQ Restaurants require Tipped Workers to perform includes, but is not limited to: (1) setting up and breaking down the sauce station in the back of the house (filling bins with condiments and sauces); (2) stocking cups, silverware, napkins, plates, bone buckets, wet naps, and sugar caddies; (3) rolling silverware; (4) cleaning and wiping tables; (5) dusting; (6) setting up and breaking down and cleaning the tea/coffee and soda station; (6) sweeping and mopping; (8) taking out garbage; (9) setting up and breaking down the desert stations (stocking deserts, to-go containers, bags, and general cleaning of area); and (10) brewing large batches of tea and coffee.

20.     The side work described above is not specific to particular customers, tables, or sections, but is performed in mass quantities for the entire shift or for future shifts.

21.     Moreover, as these duties are not related to Plaintiff's duties as a Tipped Worker, Plaintiff was engaged in a dual occupation for which she, and other Tipped Workers, are entitled to the full minimum wage.

22.     Defendants' timekeeping system is capable of tracking multiple job codes for different work assignments.

23.     Defendants also require Plaintiff and other Tipped Workers to engage in a tip distribution scheme wherein they must share tips with kitchen workers.

24.     Specifically, at the Dinosaur BBQ Restaurants, Defendants regularly host "In-House" gatherings whereby customers reserve dining space and pre-pay the cost of food and service. Until in or around the end of 2013, Tipped Workers were required to share 17% of their tips with back of the house kitchen workers. Moreover, Tipped Workers were required to provide Managers with a $10.00 management fee from "In-House" reservations.

25.     Kitchen Workers and Managers are not entitled to share tips under the FLSA or the NYLL.

26.     Kitchen Workers work in the back-of-the-house and prepare food for customers.

27.     Managers as the Dinosaur BBQ Restaurants possess meaningful and/or significant authority and control over Tipped Workers and would thus be considered an agent of the employer. As a result, Managers cannot receive tip distributions from Tipped Wokers.

28.     Kitchen workers do not have direct interaction with customers.

29.     Plaintiff brings this action on behalf of herself and similarly situated current and former Tipped Workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by

Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

30.     Plaintiff also brings this action on behalf of herself and similarly situated current and former Tipped Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

**Ashley Hankins**

31.     Hankins is an adult individual who is a resident of Bronx, New York.

32.     Hankins was employed by Defendants as a server at the Harlem BBQ, from in or around July 2012 until January 2015.

33.     Hankins is a covered employee within the meaning of the FLSA and the NYLL.

34.     A written consent form for Hankins is being filed with this Class Action Complaint.

### Defendants

35.     Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

36.     Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

37.     Defendants are part of a single integrated enterprise that jointly employed Plaintiff and similarly situated employees at all times relevant.

38.     During all relevant times, Defendants' operations are interrelated and unified.

39.     During all relevant times, the Dinosaur BBQ Restaurants have shared a common management and was centrally controlled and/or owned by Defendants.

40.     During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and the NYLL.

**Dinosaur Restaurants, LLC**

41.     Together with the other Defendants, Dinosaur Restaurants, LLC ("Dinosaur Restaurants") has owned and/or operated the Dinosaur BBQ Restaurants during the relevant time period.

42.     Dinosaur Restaurants is a foreign limited liability company doing business in New York State.

43.     Dinosaur Restaurants' principal executive office is located at 246 W. Willow Street, Syracuse, New York 13202, the address of Syracuse BBQ.

44.     Dinosaur Restaurants is the name of an entity printed on Plaintiff's paychecks.

45.     Dinosaur Restaurants is the "Premises Name" that appears on the active New York State liquor licenses for Harlem BBQ, Brooklyn BBQ, Syracuse BBQ, Buffalo BBQ, Rochester BBQ, and Troy BBQ.

46.     At all relevant times, Dinosaur Restaurants has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

47.     Dinosaur Restaurants applies the same employment policies, practices, and procedures to all Tipped Workers at its Dinosaur BBQ Restaurants, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, and tips.

48.     Upon information and belief, at all relevant times Dinosaur Restaurants has an

annual gross volume of sales in excess of $500,000.

**JLN – Store, Inc. f/k/a Dino-Store Inc.**

49.    Together with the other Defendants, JLN – Store, Inc. f/k/a Dino-Store Inc. ("JLN") has owned and/or operated the Dinosaur BBQ Restaurants during the relevant time period.

50.    JLN is a domestic business corporation organized and existing under the laws of New York.

51.    JLN principal executive office is located at 246 W. Willow Street, Syracuse, New York 13202, the address of Syracuse BBQ.

52.    JLN is the "Registrant Organization" for the Dinosaur BBQ Restaurants' website, http://www.dinosaurbarbque.com/.

53.    At all relevant times, JLN has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

54.    JLN applies the same employment policies, practices, and procedures to all Tipped Workers at its Dinosaur BBQ Restaurants, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, and tips.

55.    Upon information and belief, at all relevant times JLN has an annual gross volume of sales in excess of $500,000.

**Soros Strategic Partners LP**

56.    Together with the other Defendants, SSP has owned and/or operated Dinosaur BBQ Restaurants during the relevant time period.

57.     SSP is a foreign corporation organized and existing under the laws of Delaware.

58.     In or around 2008, SSP acquired approximately a 70 percent share of the Dinosaur BBQ Restaurants.

59.     At all relevant times, SSP has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices.

60.     SSP. applies the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, and tips.

61.     Upon information and belief, at all relevant times, SSP has an annual gross volume of sales in excess of $500,000.

**John Stage**

62.     Upon information and belief, Stage is a resident of the State of New York.

63.     At all relevant times, Stage has been the co-founder, owner, and operator of the Dinosaur BBQ Restaurants.

64.     Stage identifies himself as the "FOUNDER, CEO at DINO BBQ" on his LinkedIn page.

65.     The Entity Information provided by the New York State Department of State Division of Corporations identifies Stage as the "Chief Executive Officer" of JLN.

66.     At all relevant times, Stage has had power over personnel decisions at the Dinosaur BBQ Restaurants, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

67.     At all relevant times, Stage has had power over payroll decisions at the Dinosaur

BBQ Restaurants, including the power to retain time and/or wage records.

68.     At all relevant times, Stage has been actively involved in managing the day to day operations of the Dinosaur BBQ Restaurants.

69.     At all relevant times, Stage has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

70.     At all relevant times, Stage has had the power to transfer the assets and/or liabilities of the Dinosaur BBQ Restaurants.

71.     At all relevant times, Stage has had the power to declare bankruptcy on behalf of the Dinosaur BBQ Restaurants.

72.     At all relevant times, Stage has had the power to enter into contracts on behalf of the Dinosaur BBQ Restaurants.

73.     At all relevant times, Stage has had the power to close, shut down, and/or sell the Dinosaur BBQ Restaurants.

74.     Stage is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

75.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

76.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

77.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

78.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims

occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

79.     Plaintiff brings the First and Second Causes of Action, the FLSA claims, on behalf of herself and all similarly situated current and former Tipped Workers employed at Dinosaur BBQ Restaurants owned, operated, and/or controlled by Defendants, for a period of three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, and who elect to opt-in to this action (the "FLSA Collective Members").

80.     At all relevant times, Plaintiff and the FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff at the legally required minimum wage for all hours worked and one-and-one-half times this rate for work in excess of forty hours per workweek, and requiring Tipped Workers to engage in side work for more than twenty percent of their time at work.  Plaintiffs' claims stated herein are essentially the same as those of the other FLSA Collective Members.

81.     Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to record the hours that employees work.

82.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all of the hours they work.

83.     Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty per workweek.

84.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

85.     The First and Second Causes of Action are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 216(b).

86.     The FLSA Collective Members are readily ascertainable.

87.     For the purpose of notice and other purposes related to this action, the FLSA Collective Members' names and addresses are readily available from Defendants' records.

88.     Notice can be provided to the FLSA Collective Members via first class mail to the last address known to Defendants.

89.     In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

90.     Plaintiff brings the Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action, NYLL claims, under Rule 23, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as Tipped Workers and similar employees at the Dinosaur BBQ Restaurants in New York between March 26, 2009 and the date of final judgment in this matter (the "Rule 23 Class").

91.     Excluded from the Rule 23 Class Members are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

92.     The members of the Rule 23 Class ("Rule 23 Class Members") are readily ascertainable.  The number and identity of the Rule 23 Class Members are determinable from the

Defendants' records.  The hours assigned and worked, the positions held, and the rates of pay for each Rule 23 Class Member are also determinable from Defendants' records.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

93.     The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

94.     There are more than fifty Rule 23 Class Members.

95.     Plaintiffs' claims are typical of those claims which could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

96.     All the Rule 23 Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, failing to pay overtime, failing to properly distribute tips, failing to pay spread-of-hours pay, failing to provide proper wage and hour notices, and failing to provide proper wage statements.

97.     Plaintiff and the Rule 23 Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

98.     Plaintiff and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.  Defendants' corporate-wide policies and practices affected all Rule 23 Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class Members.

99.     Plaintiff and other Rule 23 Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

100.     Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class Members and has no interests antagonistic to the Rule 23 Class Members.

101.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

102.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of

the Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

103. Upon information and belief, Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

104. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

105. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class Members individually and include, but are not limited to, the following:

(a) whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor Regulations;

(a) whether Defendants employed Plaintiff and the Rule 23 Class Members within the meaning of the NYLL;

(b) whether Defendants paid Plaintiff and the Rule 23 Class Members at the proper minimum wage rate for all hours worked;

(c) whether Defendants had a policy or practice of failing to provide adequate notice of their payment of a reduced minimum wage to Plaintiff and the Rule 23 Class Members;

(d) what notice is required in order for Defendants to take a tip credit under New York State Department of Labor regulations;

(e)     at what common rate, or rates subject to common methods of calculation, Defendants were required to pay Plaintiff and the Rule 23 Class Members for their work;

(f)     whether Defendants have a policy of requiring tipped employees to engage in side work for two hours or more per day and/or for more than twenty percent of their time at work in violation of the NYLL;

(h)     whether Defendants properly compensated Plaintiff and the Rule 23 Class Members for hours worked in excess of forty hours per workweek;

(i)     whether Defendants failed to provide Plaintiff and the Rule 23 Class Members spread-of-hours pay when the length of their workday was greater than ten hours;

(j)     whether Defendants misappropriated tips from Plaintiff and the Rule 23 Class Members by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips and/or service charges paid by customers that were intended for Plaintiff and the Rule 23 Class Members, and which customers reasonably believed to be gratuities for Plaintiff and the Rule 23 Class Members;

(k)     whether Defendants distributed a portion of the tips paid by customers to workers who are not entitled to receive tips under the NYLL;

(l)     whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class Members, and other records required by the NYLL;

(m)     whether Defendants failed to furnish Plaintiff and the Rule 23 Class Members with proper annual wage notices, as required by the NYLL;

(n)     whether Defendants failed to furnish Plaintiff and the Rule 23 Class Members with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance, as required by the Wage Theft Prevention Act;

(o)     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(p)     the nature and extent of class-wide injury and the measure of damages for those injuries.

106.    In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

## PLAINTIFF'S FACTUAL ALLEGATIONS

107.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Ashley Hankins**

108.    Defendants did not pay Hankins the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that she was suffered or permitted to work each workweek.

109.    Throughout the duration of her employment at Harlem BBQ, Hankins received weekly paychecks from Defendants that did not properly record or compensate her for all the hours that she worked.

110.    During her employment, Hankins generally worked the following scheduled hours unless she missed time for vacation, sick days, or holidays:  Monday, Wednesday, and Thursday from approximately 4:45 p.m. to 1:00 a.m., and Sunday from approximately 12:00 p.m. to 5:00 p.m.

111.    Defendants paid Hankins at the New York tipped minimum wage rate.

112.    Defendants failed to notify Hankins in writing of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to her wages.

113.    Defendants failed to notify Hankins verbally or in writing of the tip credit provisions of the FLSA, or of their intent to apply a tip credit to her wages.

114.    Defendants unlawfully required Hankins to share tips from "in-house" pre-paid reservations with kitchen workers and/or managers, employees in positions that are not entitled to share tips under the FLSA and/or the NYLL.

115.    Defendants required Hankins to spend more than 2 hours or 20% of her shift performing non-tipped work unrelated to her duties as a Tipped Worker.  These duties included, but are not limited to, sorting silverware, breaking down and cleaning the soda machine and coffee machine, breaking down and cleaning the lemonade and iced tea machine, setting up bone baskets, cutting lemons, sweeping, wiping down booths and chairs, stocking plates, napkins, cups, straws, and to-go containers, refilling sugar caddies and salt and pepper shakers, clean and restock dessert refrigerator, and setting up and breaking down the expeditor line.

116.    As a result of the above, Defendants did not satisfy the requirements under the FLSA, and NYLL by which they could apply a tip credit to Hankins' wages.  As such, Hankins should have been paid the full minimum wage not the reduced tipped minimum wage rate.

117.    Defendants suffered or permitted Hankins to work more than forty hours per week, including weeks during which she was not properly paid at all for some of her time.

118.    Even when Defendants did pay Hankins overtime premiums for some hours worked in excess of 40 per workweek, the premiums were not calculated at 1.5 times the full minimum wage rate.  For example, Hankins worked overtime in 2012, as evidenced by her paystubs indicating YTD OVERTIM of 19.46 and 39.04.

119.    Hankins worked approximately one double shift per month that lasted longer than ten hours in a day.  Defendants did not pay Hankins one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and

end of her workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

120.    Defendants did not allow Hankins to retain all the tips she earned.

121.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Hankins earned.

122.    Defendants imposed upon Hankins a tip redistribution scheme to which she never agreed.

123.    Defendants' mandatory tip pooling arrangement allocated a portion of Hankins' tips to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL, including, but not limited to, kitchen (i.e., back-of-the-house) employees and managers.

124.    Defendants unlawfully allocated a percentage of the mandatory service charge received from customers hosting "in-house" pre-paid events to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL, including, but not limited to, kitchen (i.e., back-of-the-house) employees and managers.

125.    Defendants did not keep accurate records of wages or tips earned, or of hours worked by Hankins.

126.    Defendants failed to furnish Hankins with proper annual wage notices, as required by the NYLL.

127.    Defendants failed to furnish Hankins with accurate statements of wages, hours worked, rates paid, gross wages, and the claimed tip allowance.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

128.    Plaintiff, on behalf of herself and the FLSA Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

129.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

130.    At all relevant times, each of the Defendants have been, and continue to be, an employer engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, each Defendant has employed "employee[s]," including Plaintiff and the FLSA Collective Members.

131.    Defendants were required to pay directly to Plaintiff and the FLSA Collective Members the applicable New York State minimum wage rate for all hours worked.

132.    Defendants failed to pay Plaintiff and the FLSA Collective Members the minimum wages to which they are entitled under the FLSA.

133.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants failed to inform Plaintiff and FLSA Collective Members of the provisions of subsection 203(m) of the FLSA, and distributed a portion of their tips to workers who do not "customarily and regularly" receive tips.

134.    Defendants have required Plaintiff and the FLSA Collective to perform duties that have been unrelated to their tip-producing work.  During these periods, Defendants have compensated Plaintiff and the FLSA Collective at the tipped minimum wage rate rather than the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 *et seq.*

135.     Defendants also required Plaintiff and the FLSA Collective Members to perform a substantial amount of non-tipped "side work" in excess of twenty percent of their work time. During these periods, Defendants compensated Plaintiff and the FLSA Collective Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 *et seq.*

136.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Members.

137.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

138.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

139.     Plaintiff, on behalf of herself and the FLSA Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

140.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective Members.

141.     Plaintiff and the FLSA Collective Members worked in excess of forty hours during some workweeks in the relevant time period.

142.     Defendants willfully failed to pay Plaintiff and FLSA Collective Members one-and-one-half times the full minimum wage for all work in excess of forty hours per workweek.

143.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Members.

144.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

145.     As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## THIRD CAUSE OF ACTION
### New York Labor Law – Minimum Wage
### (Brought on behalf of Plaintiff and the Rule 23 Class)

146.    Plaintiff, on behalf of herself and the Rule 23 Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

147.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

148.    At all times relevant, Plaintiff and the Rule 23 Class Members have been employees of Defendants, and Defendants have been employers of Plaintiff and the Rule 23 Class Members within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

149.    At all times relevant, Plaintiff and the Rule 23 Class Members have been covered by the NYLL.

150.    The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff and the Rule 23 Class Members.

151.    Defendants failed to pay Plaintiff and the Rule 23 Class Members the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

152.    Defendants were required to pay the New York Plaintiffs and the Rule 23 Class Members the full minimum wage at a rate of; (a) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; (b) $7.25 per hour for all hours worked from July 24, 2009 through the December 30, 2013; (c) $8.00 per hour for all hours worked from December 31, 2013 to December 30, 2014; and (d) $8.75 per hour for all hours worked from December 31,

2014 to the present  under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

153.    Prior to January 1, 2011, Defendants failed to furnish with every payment of wages to Plaintiff and the Rule 23 Class Members a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, as required by the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiff and the Rule 23 Class Members were entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

154.    Prior to January 1, 2011, Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the Rule 23 Class Members as required by the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiff and the Rule 23 Class Members were entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

155.    Since January 1, 2011, Defendants have failed to notify Plaintiff and the Rule 23 Class Members of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiff and the Rule 23 Class Members have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

156.    Defendants required Plaintiff and the Rule 23 Class Members to perform a substantial amount of non-tipped "side work" in excess of two hours or more, or twenty percent of their work time.  During these periods, Plaintiff and the Rule 23 Class Members were engaged in a non-tipped occupation, yet they were compensated by Defendants at the tipped minimum

wage or lower rate, rather than the full hourly minimum wage rate as required by the NYLL and the supporting New York State Department of Labor Regulations.

157.    Defendants have required Plaintiff and the Rule 23 Class Members to share gratuities with workers who are not eligible to receive tips under the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiff and the Rule 23 Class Members have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate at all relevant times.

158.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the Rule 23 Class Members, Defendants have willfully violated the NYLL,  Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

159.    Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**New York Labor Law – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

160.    Plaintiff, on behalf of herself and the Rule 23 Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

161.    Defendants failed to pay Plaintiff and the Rule 23 Class Members the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

162.    Defendants failed to pay Plaintiff and the Rule 23 Class Members one-and-one-half times the full minimum wage for all work in excess of forty hours per workweek.

163.     Through their knowing or intentional failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

164.     Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours Pay
### (Brought on behalf of Plaintiff and the Rule 23 Class)

165.     Plaintiff, on behalf of herself and the Rule 23 Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

166.     At times, Plaintiff and the Rule 23 Class Members worked more than ten hours in a workday.

167.     Defendants willfully failed to compensate Plaintiff and the Rule 23 Class Members one hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than ten hours, as required by New York law.

168.     Through their knowing or intentional failure to pay Plaintiff and the Rule 23 Class Members spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

169.     Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid spread-of-hours wages,

liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### New York Labor Law –Tip Misappropriation
**(Brought on behalf of Plaintiff and the Rule 23 Class Members)**

170.    Plaintiff, on behalf of herself and the Rule 23 Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

171.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the Rule 23 Class Members in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

172.    Defendants unlawfully retained part of the gratuities earned by Plaintiff and the Rule 23 Class Members in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

173.    Defendants required Plaintiff and the Rule 23 Class Members to share a portion of the gratuities and/or service charges they received with employees other than servers, bussers, runners, bartenders, or similar employees, in violation of NYLL, Article 6 § 196-d, and the supporting New York State Department of Labor Regulations.

174.    By Defendants' knowing or intentional demand for, acceptance of, and/or retention of a portion of the gratuities and/or service charges received by Plaintiffs and the Rule 23 Class Members, Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

175.    Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid gratuities and/or service

charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### (Brought on behalf of Plaintiff and the Rule 23 Class)

176.     Plaintiff, on behalf of herself and the Rule 23 Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

177.     Defendants have willfully failed to supply Plaintiff and the Rule 23 Class Members with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, containing Plaintiff's and the Rule 23 Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

178.     Through their knowing or intentional failure to provide Plaintiff and the Rule 23 Class Members with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

179.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the Rule 23 Class Members are entitled to statutory penalties of fifty dollars for each workweek that Defendants failed to provide them with wage notices, or a total of twenty-five hundred

dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## EIGHTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiff and the Rule 23 Class)

180.     Plaintiff, on behalf of herself and the Rule 23 Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

181.     Defendants have willfully failed to supply Plaintiff and the Rule 23 Class Members with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

182.     Through their knowing or intentional failure to provide Plaintiff and the Rule 23 Class Members with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

183.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Rule 23 Class Members are entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide them with accurate wage statements, or a total of twenty-five hundred dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.      Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.      Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

F.      Unpaid minimum wages, overtime pay, spread-of-hours pay, misappropriated tips, and other unpaid wages, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

G.      Statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff and the Rule 23 Class Members with a wage notice, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6 § 198;

H.      Statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff and the Rule 23 Class Members with accurate wage statements, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6 § 198;

I.      Prejudgment and post-judgment interest;

J.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

K.      Reasonable attorneys' fees and costs of the action;

L.      Reasonable service award for the named Plaintiff to compensate her for the time she spent attempting to recover wages for Class and Collective Members and for the risks she took in doing so; and

M.      Such other relief as this Court shall deem just and proper.

Dated:      New York, New York
            March 26, 2015


                                Respectfully submitted,

                                _____
                                Brian S. Schaffer


                                **FITAPELLI & SCHAFFER, LLP**
                                Brian S. Schaffer
                                Frank J. Mazzaferro
                                Nicholas P. Melito
                                475 Park Avenue South, 12th Floor
                                New York, NY 10016
                                Telephone: (212) 300-0375

                                *Attorneys for Plaintiff and*
                                *the Putative Class*

<u>FAIR LABOR STANDARDS ACT CONSENT</u>

1.     I consent to be a party plaintiff in a lawsuit against DINOSAUR RESTAURANTS, LLC and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2.     By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

_____
Full Legal Name (Print)